**Christopher Chance ROGERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 10–01–201–CV.**

Court of Appeals of Texas, Waco.

Oct. 30, 2002.

Christopher Chance Rogers, pro se appellant.

Riley J. Simpson, Coryell County District Attorney, Gatesville, for appellee.

Before Chief Justice DAVIS, Justice VANCE, and Justice GRAY.

---

1. Rogers also spells the defendant's name

# ORDER ON MOTION FOR REHEARING EN BANC

TOM GRAY, Justice.

Christopher Chance Rogers filed a lawsuit against the State of Texas and "John Doe: Falkner."[1] Rogers is an inmate at the Alfred D. Hughes Unit in Gatesville, Texas. The State filed a motion to dismiss which the trial court granted. After the trial court severed his claims against the State from his claims against Falkner, Rogers filed a notice of appeal. On appeal, Rogers made one general argument discussing why the dismissal was improper. We affirmed. *Rogers v. State*, slip op. No. 10–01–201–CV at 1, 2002 (Tex.App.-Waco 2002) (not designated for publication). A Motion for Rehearing En Banc was filed on September 23, 2002.

Rogers represented himself in this litigation. Although the Motion for Rehearing En Banc is hand written, it does not appear to have been prepared by Rogers. The motion appears to be signed by Russell E. Galer II.

The following statement is provided to explain why Galer is signing the motion and service:

> Next friend Russell E. Galer II files this petition pro bono for Christopher C. Rogers as he has been abducted by a flying saucer or the KGB or both. Galer is also indigent disabled and a non-licensed practiner.

> Service: Assistant Attorney General, Lou Rawls, Baseball Glove Mississippi.

We are not amused. This is a blatant violation of Rules 9.1(b), and 9.5(a), (d) and (e). Tex.R.App. P. 9.1(b), 9.5(a), (d), (e). It is not signed by an attorney nor the Party as required by Rule 9.1. Tex.R.App. P. 9.1. It does not appear to have been served in

---

"Faulkner" in his original petition.

conformity with Rule 9.5(a) and does not evidence proof of service as required by Rule 9.5(d) and (e). Tex.R.App. P. 9.5(a), (d), (e). When we receive a document such as this it wastes valuable resources this court could devote to claims that are entitled to our attention. The Motion for Reconsideration En Banc is ordered stricken. Tex.R.App. P. 9.4(i). Rogers has five days from the date of this order to tender a document conforming to the rules of appellate procedure.

Justice VANCE would only strike the "motion".